IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL COPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-403-SMY |
| | ) |
| ERIC WILLIAMS (WARDEN), | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Randall Cope filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Specifically, Graham argues that following *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction and sentence for use of a firearm during and in relation to a crime of violence should be vacated. He asserts in the alternative that his conviction is unconstitutional under *Rosemond v. United States*, 572 U.S. 65 (2014).

The Court appointed the Federal Public Defender's Office to evaluate Cope's claim and to either file an Amended Petition on his behalf or a motion to withdraw as counsel (Doc. 10). Now pending before the Court is Assistant Federal Public Defender Melissa Day's Motion to Withdraw in which she asserts that Cope has no meritorious basis for obtaining relief under *Davis* (Doc. 22). Respondent also moves to dismiss the Petition on the basis that Cope cannot meet the criteria to bring his claim under § 2241. (Doc. 28). Cope filed responses to the motions (Docs. 26, 30). For the following reasons, the Motion to Withdraw and Motion to Dismiss are **GRANTED**.

## Background

Cope and his brother Terry were indicted on eleven counts of attempted murder and firearm violations in relation to the attempted murders of Sarah Jackson, Elizabeth and Ronald, Ninmo, and

David Bunning. *See United States v. Cope*, 99-cr-33-001-JBC (E.D. Ky). Cope was convicted by a jury on ten of the counts. Count 4, at issue here, charged that Cope aided and abetted in knowingly using and carrying a .38 caliber handgun during and in relation to a crime of violence and, and in so doing, discharging a firearm, all in violation of 18 U.S.C. § 924(c)(1)(A). Cope was sentenced to a total of 567 months imprisonment, consisting of 240 months on Count 4 to run consecutive to the sentences imposed on the other nine counts.

The Sixth Circuit Court of Appeals affirmed Cope's conviction and sentence on direct appeal. *United States v. Cope,* 312 F.3d 757 (6th Cir. 2002). He filed an unsuccessful habeas petition under 28 U.S.C. § 2255 in 2004 alleging, among other things, that appellate counsel was ineffective for failing to challenge his conviction on Count 4. *Cope v. United States*, No. 04-cv-207-JBC (E.D. Ky.). The Sixth Circuit affirmed the judgment in *Cope v. United States*, 272 Fed. Appx. 445 (6th Cir. 2008). In 2016, Cope sought authorization to file a second or successive motion under § 2255, arguing that his conviction on Count 4 was unconstitutional under *Rosemond v. United States,* 572 U.S. 65 (2014). *Cope v. United States*, 16-cv-102-ART-EBA (E.D. Ky.) The motion was denied.

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, the Seventh Circuit has enunciated a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Here, Cope concedes that a claim based on *Davis*, a case of constitutional interpretation, cannot be pursued in a § 2241 petition under the "savings clause" (*see* Doc. 30). Accordingly, the Court grants the Motion to Withdraw (Doc. 22).

Cope maintains, however, that *Rosemond* invalidates his conviction as an aider or abettor of a firearm offense. In *Rosemond*, the Supreme Court held that, to support a conviction for aiding and abetting the offense of using and carrying a firearm during and in relation to any crime of violence or drug trafficking crime, the Government must prove "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 572 U.S. at 67.

The Seventh Circuit previously determined that *Rosemond* is a case of statutory construction and is retroactive. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). *Davenport's* second condition,

however, also requires "prior unavailability of the challenge." *Id.* "[T]he second prong is satisfied if it would have been futile to raise a claim in the petitioner's original section 2255 motion, as the law was squarely against him." *Id.* at 784 (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)) (internal quotation marks omitted).

Cope was convicted in the Sixth Circuit. The law in that Circuit arguably did not foreclose Cope's *Rosemond* challenge at the time of his direct appeal and initial § 2255 motion. *See United States v. Williams*, 107 F.3d 12 (6th Cir. 1997) (it is well recognized rule that to be found guilty of the crime of aiding and abetting in a criminal venture, a defendant must" 'in some sort associate himself with the venture that he participate in it as in something he wishes to bring about, seek by his action to make it succeed); *United States v. Winston,* 687 F.2d 832, 834 (6th Cir. 1982). But Cope misinterprets the holding in *Rosemond*. His arguments rest on the proposition that he could not be found guilty of aiding and abetting because he was not physically present during the commission of the shooting. *Rosemond*, however, does not require the physical presence of the alleged aider and abettor; only that he or she had "advanced knowledge that their confederate would be armed". *Rosemond,* 572 U.S. at 82.

That said, even if Cope could bring his *Rosemond* claim in a § 2241 petition, his claim fails on the merits. The Sixth Circuit found that the evidence amply established that Cope aided and abetted his brother in knowingly using and carrying a .38 caliber handgun during and in relation to a crime of violence. Like here, Cope argued that he was not involved in the January 22, 1999 shooting. However, the Sixth Circuit found this argument to be without merit given that the evidence established that Cope solicited numerous individuals to kill Jackson and that his knowledge of specific facts about the shooting strongly indicated that he was intimately involved in the plot. Additional evidence established that Cope asked his brother to contact the "drywall contractor" and to "handle business" for him – their code words for finding a contract killer to murder Jackson. Because the evidence presented at trial was sufficient for a jury to infer that Cope had advanced knowledge that his brother intended to use a

firearm to murder Jackson and encouraged him to do so, *Rosemond* does not provide a basis to grant Cope habeas relief. Therefore, his petition does not trigger the savings clause of § 2255.

## Conclusion

For the foregoing reasons, Assistant Federal Public Defender Melissa Day's Motion to Withdraw (Doc. 22) and Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 28) are **GRANTED**. Cope's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 23, 2021

**STACI M. YANDLE**
**United States District Judge**